## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                                          )
MARK ISSAC SNARR,                         )
                                          )
            Plaintiff,                     )
                                          )
      v.                                   )          Civil Action No. 19-1421 (ABJ)
                                          )
FEDERAL BUREAU OF PRISONS,                 )
                                          )
            Defendant.                     )
_____)
```

## **MEMORANDUM OPINION**

On May 14, 2019, plaintiff Mark Isaac Snarr brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Federal Bureau of Prisons ("BOP"), alleging that the agency failed to produce records in response to two FOIA requests. Compl. [Dkt. # 1] ¶¶ 36–44. In 2010, plaintiff was convicted and sentenced to death in a federal criminal proceeding, *id.* ¶ 3, and in pursuing collateral relief, he has sought information on other inmates connected to his prosecution. *Id.* ¶¶ 12–13. The FOIA requests were submitted to BOP in 2016, *id.* ¶¶ 15, 27, and plaintiff has yet to hear a response. *Id.* ¶¶ 25, 34.

Pending before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Def.'s Mot. to Dismiss [Dkt. # 11] ("Def.'s Mot."); Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. [Dkt. # 11] ("Def.'s Mem. to Dismiss"). Plaintiff opposed the motion, Pl.'s Opp. to Mot. to Dismiss [Dkt. # 12] ("Pl.'s Opp."), and he filed a motion for leave to amend his complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). Pl.'s Mot. to Amend Compl. [Dkt. # 14] ("Pl.'s Mot. to Amend").

At this point in the proceedings, plaintiff, who is represented by counsel, is entitled to amend the complaint as of right. *See* Fed. R. Civ. P. 15(a)(1). But he has declined to do that. Instead, he has insisted that the Court rule first on the motion to dismiss, and in that motion, the defense has demonstrated this Court's lack of jurisdiction over the original complaint. Once the Court makes that finding, in accordance with plaintiff's preferences, it lacks jurisdiction to entertain a request for leave to amend to cure the jurisdictional problems. Given the strategy the plaintiff has elected to employ, the Court will grant defendant's motion to dismiss and deny plaintiff's motion for leave to amend.

## BACKGROUND

Plaintiff is an inmate in a federal penitentiary in Terre Haute, Indiana. Compl. ¶ 3. Plaintiff was convicted and sentenced to death in a federal criminal proceeding in the Eastern District of Texas, *see United States v. Snarr*, 704 F.3d 368 (5th Cir. 2013), *cert. denied*, 140 S. Ct. 156 (2019), and he has since moved for collateral relief pursuant to 28 U.S.C. § 2255 in a case that is now pending in that district. Compl. ¶ 3. The Office of the Federal Defender for the District of Utah ("UFPD") represents plaintiff in those proceedings. *Id.* ¶ 12.

In furtherance of its representation of plaintiff, UFPD submitted two FOIA requests to BOP in July of 2016, seeking documents about individuals connected to plaintiff's criminal prosecution. Compl. ¶¶ 13, 17, 27–28. The complaint alleges that they were submitted "on Snarr's behalf." *Id.* ¶ 13. The federal public defender requested records related to two other inmates, *id.* ¶ 1: David Wengler, who consented to the release of his information, Request Regarding Release of Records Related to Inmate David Paul Wengler, Ex. A to Def.'s Mot. [Dkt # 11-1] ("Wengler Request") at 5–8, and Danny Fortner, who was deceased when the request was submitted. FOIA Request for Release of Records Related to Deceased Inmate Danny Dale Fortner, Ex. B to Def.'s Mot.

[Dkt. # 11-1] ("Fortner Request") at 13–14.[1]  While plaintiff asserts that these requests were made on his behalf, the formal requests do not state that they were made on behalf of a third party; they do not mention plaintiff's name at all.  *See* Wengler Request at 1–8; Fortner Request at 9–14. Plaintiff does not dispute that the FOIA requests were not sent in his name.  *See* Pl.'s Opp.

Plaintiff alleges that over the course of the next three years, he followed up on the FOIA requests multiple times, and defendant responded by confirming that they were at various stages of "processing," "review," and awaiting "final review."  Compl. ¶¶ 18–21, 29–32.  At the time of the filing of this complaint, plaintiff had not received any of the requested records; nor had he heard whether BOP intended to deny the request in full or in part.  *Id.* ¶¶ 25, 34, 37, 42.

## STANDARD OF REVIEW

### I.      12(b)(1) Motion to Dismiss

In evaluating a motion to dismiss under Rule 12(b)(1), the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'"  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015).

---

1      Plaintiff's complaint centers on these FOIA requests, Compl. ¶¶ 13–14, and the Court may therefore properly consider them in resolving defendant's motion to dismiss.  *See Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002) ("[I]n deciding a 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint but may consider material outside of the complaint in an effort to determine whether the court has jurisdiction in the case."), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624–25 n.3 (D.C. Cir. 1997).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms.*, *Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II.     Fed. R. Civ. P. 15

Under Rule 15, "a party may amend [his] pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)[.]" Fed. R. Civ. P. 15(a)(1)(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

4

When a party seeks to amend its pleading pursuant to Rule 15(a)(2), the Court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). When evaluating whether to grant a party's motion for leave to amend its pleading, the Court must consider (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) whether the plaintiff has previously amended the complaint. *Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). While leave to amend pursuant to Rule 15(a)(2) should be "freely given," Fed. R. Civ. P. 15(a)(2), it is broadly accepted that "'if jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.'" *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983), quoting *Pianta v. H.M. Reich Co.*, 77 F.2d 888, 890 (2d Cir. 1935). Thus, "if a plaintiff lacks standing to be before the court from the time of the filing of the original complaint, there is no action for him to amend, since the court is deprived of subject matter jurisdiction over the entire matter." *Lans v. Gateway 2000 Inc.*, 84 F. Supp. 2d 112, 116–17 (D.D.C. 1999), *aff'd* 252 F.3d 1320 (Fed. Cir. 2001).

## ANALYSIS

Defendant has filed a motion to dismiss arguing that plaintiff does not have standing to bring an action under FOIA because he is not the person who submitted the FOIA requests. Def.'s Mem. to Dismiss at 3–5. Plaintiff maintains that he has standing as an "unidentified principal," Pl.'s Opp. at 4, but he requests, in the event that the Court finds that he does not have standing, that he be given leave to amend his complaint to substitute UFPD as the plaintiff pursuant to Federal Rule of Civil Procedure 15(a)(2). Pl.'s Mot. to Amend at 1. Plaintiff does not seek to

amend as a matter of course, though he could have done so under Federal Rule of Civil Procedure 15(a)(1)(B).  *Id.* at 2–3.

The Court finds that plaintiff does not have standing to bring the FOIA claims, and it will deny his request to amend the complaint.[2]

## I.    Plaintiff Lacks Standing to Bring a Claim Under FOIA

"To state a case or controversy under Article III, a plaintiff must establish standing."  *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011); *see also Lujan*, 504 U.S. at 560. Because "standing is a necessary predicate to any exercise of [federal] jurisdiction . . . if it is lacking, then the dispute is not a proper case or controversy," and the court does not have subject matter jurisdiction to decide the case.  *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012) (internal citation and quotation marks omitted).

To determine constitutional standing, the Court looks to the face of the complaint.  *Haase v. Sessions*, 835 F.2d 902, 908 (D.C. Cir. 1987).   To comply with the Article III standing requirements, a plaintiff must show that:

> (1) [He] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

---

2       Two other districts have dealt with the precise circumstances present in this case and came to the same conclusion.  *See Slaughter v. NSA*, Civ. A. No. 15-5047, 2015 U.S. Dist. LEXIS 154322, at *3–*8 (E.D. Pa. Nov. 16, 2015) (granting defendant's motion to dismiss for lack of standing because the plaintiff was not named on the FOIA request, and denying plaintiff's motion for leave to amend the complaint to substitute the plaintiff with the party who submitted the FOIA request, because a plaintiff without standing cannot amend an action that the Court has no jurisdiction to consider); *Wingate v. U.S. Dep't of Homeland Sec.*, No. 8:11-cv-223-T-33AEP, 2012 U.S. Dist. LEXIS 75270, at *4–*8 (M.D. Fla. May 31, 2012) (same).

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000).  "The party invoking federal jurisdiction bears the burden of establishing" standing, *Lujan*, 504 U.S. at 561, and when reviewing a standing claim, the Court must be "'careful not to decide the questions on the merits for or against the plaintiff, and must therefore assume that on the merits the plaintiff[] would be successful in [his] claims.'"  *In re Navy Chaplaincy*, 534 F.3d 756, 760 (D.C. Cir. 2008), quoting *City of Waukesha v. EPA*, 320 F.3d 228, 235 (D.C. Cir. 2003).

"[T]he Freedom of Information Act creates a private cause of action for the benefit of persons who have requested certain records from a public agency and whose request has been denied[.]"  *Halperin v. CIA*, 629 F.2d 144, 153 (D.C. Cir. 1980), quoting *United States v. Richardson*, 418 U.S. 166, 204 (1974) (Stewart, J. and Marshall, J., dissenting); *see also* 5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court of . . . the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."); *Feinman v. FBI*, 680 F. Supp. 2d 169, 173 (D.D.C. 2010) ("The statute creates a private cause of action for the benefit of persons who have requested certain records from a public agency and whose request has been denied. . . .") (internal quotation marks omitted).  The denial of the right to receive this information constitutes an injury in fact for standing purposes, "because he did not get what the statute entitled him to receive." *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 617–18 (D.C. Cir. 2006) ("The requestor is injured-in-fact for standing purposes because he did not get what the statute entitled him to receive."); *Feinman*, 680 F. Supp. 2d at 172–73 (holding that plaintiff could not sue under FOIA because "it is well established that standing under FOIA is limited to the person who made the initial request").

When a party does not appear on a FOIA request, he lacks the necessary injury in fact to establish standing to bring a claim in relation to that request. *Feinman*, 680 F. Supp. 2d at 173, citing *McDonnell v. United States*, 4 F.3d 1227, 1236–37 (3d Cir. 1993). Courts have consistently concluded that if an attorney submits a FOIA request on behalf of a client, and the client's name does not appear on the request, only the attorney has standing to pursue relief under the statute. *See The Haskell Co. v. U.S. Dep't of Justice*, No. 05–CV–1110, 2006 WL 627156, at *2 (D.D.C. Mar. 13, 2006) (dismissing case for lack of standing because FOIA request was "submitted solely by" plaintiff's attorney and plaintiff was "not the real party in interest"); *MAXXAM, Inc. v. F.D.I.C.*, No. 98–CV–989, 1999 WL 33912624, at *2 (D.D.C. Jan. 29, 1999) (dismissing for lack of standing because attorney "made the FOIA request in its own name" and plaintiff's name did not appear on the request); *see also Burka v. U.S. Dep't of Health and Human Servs.*, 142 F.3d 1286, 1290–91 (D.C. Cir. 1998) (denying a motion for attorney's fees in a FOIA case where the attorney requested records under his own name, even though he asserted that he represented an undisclosed client; as the requestor of the records, he "had standing to bring this suit when his FOIA request was denied" and was the "real party in interest" such that "[a]ny arrangements [plaintiff] had with a third party [were] legally irrelevant for the purposes of his FOIA request.").

Other cases in this district have gone further to find that even where the client's name is mentioned in the FOIA request, the client would still lack standing if the attorney does not "clearly indicate that [the FOIA request] is being made 'on behalf of' the [client] to give that [client] standing to bring a FOIA challenge." *Three Forks Ranch Corp. v. U.S. Bureau of Land Mgmt.*, 358 F. Supp. 2d 1, 2 (D.D.C. 2005); *see Wetzel v. U.S. Dep't of Veterans Affairs*, 949 F. Supp. 2d 198, 202 (D.D.C. 2013) (". . . [Plaintiff's] name is mentioned in the requests, and there is some indication of a representational relationship between the requestors and [Plaintiff]. But that is not

enough."); *Brown v. EPA*, 384 F. Supp. 2d 271 (D.D.C. 2005) (allowing a FOIA claim to go forward for a request made by counsel only when the request clearly indicated that it was being made on behalf of the client in question).

Plaintiff does not contend that he was named in any communications between the public defender and the agency. He does not assert that his defense team made it clear to BOP that the FOIA requests were submitted on his behalf, and the records supplied to the Court do not reflect that he was mentioned.  *See* Wengler Request; Fortner Request; Ex. C to Def.'s Mot. [Dkt # 11-1] ("Wengler Correspondence") at 15–18; Ex. D to Def.'s Mot. [Dkt # 11-1] ("Fortner Correspondence") at 19–23.  Therefore, when BOP failed to respond to UFPD's FOIA requests, plaintiff did not suffer an injury in fact, and he does not have standing.  Thus, the Court lacks subject matter jurisdiction to hear his claim, *see Dominguez*, 666 F.3d at 1361–62, and it will grant defendant's motion to dismiss.

## II.     **Plaintiff May Not Amend His Complaint to Create Jurisdiction**

Plaintiff specifically asked the Court to resolve the issue of standing before determining whether he should be allowed to amend his complaint; the record reflects that he made a strategic decision to forego invoking his right amend as a matter of course under Rule 15(a)(1)(B).  Pl.'s Mot. to Amend at 2–3 ("Because the resolution of that question [of standing] has significance beyond this case, Mr. Snarr would like to have it resolved.").[3]  Because the Court has determined

---

3       The circumstances of this case distinguish it from *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), in which the D.C. Circuit held that the district court erred when it dismissed the *pro se* plaintiff's case for lack of jurisdiction without considering the plaintiff's complaint "in light of his reply to the motion to dismiss," where the reply was clear that he intended to amend the complaint.  Here, it would not be similarly appropriate for the Court to substitute its judgment for that of counsel and simply deem plaintiff's motion for leave to amend as an amendment as of right, even though such an amendment would have been timely.

that plaintiff lacks standing to bring any FOIA claim against defendant and that it therefore lacks subject matter jurisdiction to hear his case, the Court may not grant a motion to amend to create jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Thus, it will deny plaintiff's motion for leave to amend.

While leave to amend pursuant to Rule 15(a)(2) should be "freely given," Fed. R. Civ. P. 15(a)(2), it is broadly accepted law that "'if jurisdiction is lacking at the commencement of a suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.'" *Pressroom*, 700 F.2d at 893, quoting *Pianta*, 77 F.2d at 890. Courts in this district employ this rule to bar amendments that would create jurisdiction by adding or substituting plaintiffs. *See Wash. Tennis & Educ. Found. Inc. v. Clark Nexsen, Inc.*, 270 F. Supp. 3d 158, 166 (D.D.C. 2017); *Lans*, 84 F. Supp. 2d at 116. Therefore, "when subject matter jurisdiction is wanting because the plaintiff presently named in the complaint lacks standing, a court cannot grant leave to amend under Rule

15 to add a plaintiff for purposes of curing the jurisdictional defect."[4]  *Wash. Tennis*, 270 F. Supp. 3d at 166.

In *Lans v. Gateway 2000*, the plaintiff patent-holder had assigned the patent in controversy to another company not party to the original lawsuit, and therefore lacked standing to sue for infringement.  84 F. Supp. 2d at 113.  Upon discovery of this defect, the plaintiff attempted to substitute the assignee as the plaintiff via amendment pursuant to Rule 15(a).  *Id.* at 114.  The court denied the plaintiff's motion to amend, reasoning that "Lans seeks to retroactively create jurisdiction by substituting [assignee] . . . the only party with standing to sue . . . as the plaintiff," in violation of the principal that "'a plaintiff may not create jurisdiction by amendment where none exists.'"  *Id.* at 115, quoting 3 James Wm. Moore, et al., Moore's Federal Practice § 15.14[3] (3d ed. 1999).  The district court reasoned that "if a plaintiff lacks standing . . . [at] the time of the

---

4    Plaintiff relies on case law outside this circuit to argue that he should be allowed to amend his complaint to create jurisdiction.  Pl.'s Reply to Def.'s Opp. to Pl.'s Mot. to Amend [Dkt. # 17] ("Pl.'s Reply in Supp. to Amend") at 1–2, citing *Freight Drivers Pension Fund v. Penske Logistics LLC*, 784 F.3d 210, 218 (4th Cir. 2015); *U.S. ex rel. Precision Co. v. Koch Industries, Inc.*, 31 F.3d 1015, 1018–19 (10th Cir. 1994).  These cases are not binding on this court, and in any event, they are distinguishable from the present situation.

In *Freight Drivers*, the Fourth Circuit dealt with a Rule 15(c) relation back issue and considered standing only peripherally.  784 F.3d at 218.  Furthermore, the court noted that the district court had explicitly granted leave to the plaintiff to amend his complaint before the defendant took issue with it.  *Id.* at 219.  And the plaintiff, who had sued on behalf of the Pension Fund in his capacity as a member of its board of trustees, amended his complaint to add the other members of the board as co-plaintiffs – not to substitute the plaintiffs with new parties.  *Id.* at 218.  Similarly, in *ex rel. Precision Co.*, the plaintiffs amended as a "matter of course" pursuant to Rule 15(a)(1)(B) to add the company's stockholders as co-plaintiffs.  31 F.3d at 1016–18.  In the present case, plaintiff seeks to amend his complaint to remove himself and substitute his counsel as plaintiff.  Pl.'s Mot. to Amend at 1.  Plaintiff's wholesale swap in the present case stands at odds with the addition of group members that was incidentally approved in *Freight Drivers*, and was made as a matter of course in *ex rel. Precision Co.*  Plaintiff has explicitly disavowed his right to amend as a matter of course.  *Id.* at 2.  The procedural and factual differences between the present case and the cases on which plaintiff relies render them unconvincing.

filing of the original complaint, there is no action for him to amend, since the court is deprived of subject matter jurisdiction over the entire matter." [5]  *Id.* at 116–17.

Applying that reasoning, the Court finds that a "plaintiff may not substitute a new plaintiff . . . for the purpose of creating jurisdiction." *Id.* at 116; *see Wash. Tennis*, 270 F. Supp. 3d at 166 (relying on *Lans* in finding that party "cannot manufacture this court's subject matter jurisdiction through Rule 15(a)(2)").  Doing so would retroactively create jurisdiction where it had not existed at the outset – effectively allowing an amendment when there is no pending action to amend.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss will be granted, and plaintiff's motion for leave to amend will be denied.

A separate order will issue.

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE:  July 6, 2020

---

5       Plaintiff argues the district court's conclusion in *Lans* "conflicts with several decisions of the Supreme Court."  Pl.'s Reply in Supp. to Amend at 2–3, citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137–38 (1992), *Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 568–73 (2004), and *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832–38 (1989).  He cites cases identifying situations in which courts may act without jurisdiction, such as when levying Rule 11 sanctions, *id.* at 3, or dismissing parties that would spoil otherwise acceptable jurisdiction after judgment has been entered.  *Id.*  Those situations are distinguishable from the situation plaintiff has voluntarily placed himself in here.